UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PHILADEPHIA INDEMNITY
INSURANCE COMPANY,

        Plaintiff,

   v.

ASSOCIATED INDUSTRIES
INSURANCE COMPANY, INC.,

        Defendant.

No. 2:19-cv-00382-JAM-CKD

**ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

    This matter is before the Court on Philadelphia Indemnity Insurance Company's ("Plaintiff" or "PIIC") Motion for Summary Judgment.  See Pl.'s Mot. Summ. J. ("Mot."), ECF No. 22. Associated Industries Insurance Company, Inc. ("Defendant" or "AIIC") filed an opposition, see Opp'n, ECF No. 27, to which Plaintiff replied, see Reply, ECF No. 32.  For the reasons set forth below, the Court DENIES Plaintiff's Motion for Summary Judgment.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 13, 2020.

I.   BACKGROUND

Plaintiff, a liability insurer, filed this lawsuit against
Defendant, another liability insurer, for declaratory relief and
reimbursement in an ongoing dispute between the two insurers.
See Compl., ECF No. 1.  The dispute concerns fees and costs
Plaintiff has incurred in six underlying personal injury lawsuits
against Plaintiff and Defendant's insurees.  Compl. ¶¶ 5-7.
Specifically, Plaintiff insured In-Shape Health Clubs, LLC ("In-
Shape") under a policy of Commercial General Liability Insurance,
while Defendant insured Califitness Inc. ("Califitness) under a
policy of Commercial General Liability Insurance.  See Stip.
Statement of Undisputed Facts ("SSUF"), ECF No. 24.  From October
1, 2009 to May 22, 2018, Plaintiff and Defendant's insurees, In-
Shape and Califitness, had an Equipment Management Agreement
("EMA"), under which Califitness performed maintenance, repair,
and service for exercise machines located in In-Shape's fitness
facilities.  SSUF No. 6.  During this period, six individuals
were injured while using exercise machines in various In-Shape
facilities across California and each filed a complaint against
In-Shape (the "Sickler," "Robinson," "Ibrahimi," "Taylor,"
"Hover," and "Lawson" complaints).  SSUF No. 7-12.  The Sickler,
Taylor, Hover, and Lawson complaints also named Califitness as a
defendant.  SSUF No. 7, 10-12.  In Ibrahimi and Robinson, In-
Shape filed a cross-complaint against Califitness.  SSUF No. 13-
14.

According to Plaintiff, Defendant was required to undertake
and pay fully for In-Shape's defense in all six lawsuits because
In-Shape qualified as an insured under Defendant's policies and

further, Defendant's policies provided primary insurance to In-Shape.  Compl. ¶ 6.  Defendant, however, has refused to undertake In-Shape's defense, leaving Plaintiff to defend In-Shape.  Id.  In response, Plaintiff filed this lawsuit, bringing three claims for declaratory relief as to Plaintiff's rights against Defendant in the underlying lawsuits.  Compl. ¶¶ 23-42.

On September 15, 2020, Plaintiff moved for summary judgment on all three causes of action.  See Mot.  In the alternative, Plaintiff seeks summary adjudication as to AIIC's duty to defend In-Shape and to reimburse PIIC in each of the six personal injury complaints.  Mot. at 1.

## II.   OPINION

### A.   Evidentiary Objections

In opposition to Plaintiff's motion, Defendant raised several objections to Plaintiff's evidence.  See Def.'s Obj., ECF No. 31.  The Court has reviewed these evidentiary objections but declines to rule on each one individually as courts self-police evidentiary issues on motions for summary judgment and a formal ruling is unnecessary to the determination of this motion.  See Burch v. Regents of the University of California, 433 F.Supp.2d 1110, 1118-1122 (E.D. Cal. 2006) (objections challenging the characterization of the evidence are improper on a motion for summary judgment).

### B.   Legal Standard

A court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a

1    matter of law." Fed. R. Civ. Proc. 56(a).  The movant bears the

2    initial burden of "informing the district court of the basis for

3    its motion, and identifying [the documents] which it believes

4    demonstrate the absence of a genuine issue of a material fact."

5    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is

6    material if it "might affect the outcome of the suit under the

7    governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

8    248 (1986).  Once the movant makes this initial showing, the

9    burden rests upon the nonmoving party to "set forth specific

10   facts showing that there is a genuine issue for trial."  Id.  An

11   issue of fact is genuine if "the evidence is such that a

12   reasonable jury could return a verdict for the nonmoving party."

13   Id.

14        C.   Analysis

15             1.   Failure to Plead Equitable Claims

16        Defendant first argues that Plaintiff's motion must be

17   denied because Plaintiff seeks to recover on a theory that was

18   not pled in the operative complaint.  Opp'n at 2, 5-6.

19   Specifically, Defendant points out that while Plaintiff only

20   pled three causes of action for declaratory relief in its

21   complaint, Plaintiff now moves for summary judgment on a theory

22   of equitable indemnity, the elements of which were not

23   specifically pled in the complaint.  Opp'n at 5.

24        Plaintiff does not dispute that it is moving for summary

25   judgment on an equitable theory.  Reply at 2.  Indeed, the

26   motion is clear on this point: "Since PIIC paid the costs to

27   defend In-Shape – an obligation that should have been solely

28   undertaken by AIIC – PIIC may obtain reimbursement under a

4

theory of equitable subrogation or equitable indemnity."  Mot. at 10.  Nevertheless, Plaintiff insists the Court has the power to grant relief, despite its failure to "specifically plead a cause of action for equitable indemnity."  Reply at 2.  As explained below, the Court agrees with Defendant that the motion must be denied because it proceeds on a theory not pled in the operative complaint.

Defendant argues that while the caption of the complaint is labeled "Complaint for Declaratory Relief, equitable reimbursement/contribution" and the footer of the complaint reads "Complaint for Dec. Relief Equitable Contribution, Indemnity, and Subrogation," the only causes of action actually pled are the three for declaratory relief.  Opp'n at 5. Notably, Plaintiff, in its reply brief, does not identify any allegations in the complaint where an equitable claim was specifically pled.  Rather, Plaintiff only directs the Court to page 10, lines 16-26 of the complaint: the prayer for relief. Reply at 1.  The Court has carefully reviewed this part of the complaint and does not find the elements of an equitable indemnity claim pled there.  Nor did the Court find an equitable claim specifically pled anywhere else in the complaint.  Cf. Amended Complaint Interstate Fire & Cas. Ins. Co. v. First Specialty Ins. Co., No. 2:17-cv-01795-KJM-AC, 2020 WL 5107612 (E.D. Cal. Aug. 31, 2020) (specifically pleading eight causes of action, including two for declaratory relief, two for equitable indemnity, two for equitable contribution, and two for equitable subrogation).  In sum, the Court finds Plaintiff only specifically pled three claims for declaratory relief, not any

1   equitable claims. Compl. ¶¶ 23-42.

2       Despite the Court's finding that no equitable claims have

3   been specifically pled in the operative complaint, Plaintiff

4   still contends that the Court may grant its motion for summary

5   judgment herein.  Reply at 2.  In support of this argument,

6   Plaintiff cites to Westport Ins. Co. v. Cal. Cas. Mgmt. Co., 916

7   F.3d 769 (9th Cir. 2019).  In Westport, the plaintiff-insurer

8   incorrectly labeled a cause of action "equitable contribution"

9   instead of "equitable subrogation."  916 F.3d at 781.  The

10  district court awarded damages to the plaintiff on the equitable

11  subrogation theory despite plaintiff's mislabeling of the cause

12  of action.  Id.  The Ninth Circuit affirmed, finding the

13  "district court did not abuse its discretion in holding that

14  notwithstanding the erroneous title for its claim, Westport's

15  action is one for equitable subrogation."  Id. at 782.

16  Therefore, the issue in Westport was one of mislabeling, of

17  "erroneous title."  Here, unlike in Westport, the issue is not

18  one of mislabeling.  Rather, it is one of complete omission:

19  Plaintiff did not specifically plead any equitable cause of

20  action, not for equitable indemnity nor for equitable

21  contribution nor for equitable subrogation.

22      Thus, Westport is readily distinguishable and does not

23  provide authority for this Court to grant the relief sought by

24  Plaintiff here.  Moreover, other courts in this district have

25  rejected plaintiffs' attempts to raise a theory not pled in the

26  complaint for the first time at the summary judgment stage.  See

27  e.g. Pena v. Taylor Farms Pac., Inc., No. 2:13-CV-01282-KJM-AC,

28  2014 WL 1330754 at *3-6 (E.D. Cal. Mar. 28, 2014) (rejecting

1  plaintiff's attempt to raise a new theory of liability for the

2  first time at the summary judgment stage as improper).

3       In sum, the Court finds that Plaintiff neither specifically

4  pled an equitable claim in its operative complaint nor presented

5  the Court with any binding authority supporting its argument

6  that the motion may proceed despite this pleading issue.

7  Accordingly, Plaintiff's motion must be DENIED.

8              2.   <u>Declaratory Relief</u>

9       Because the Court denies Plaintiff's motion on the grounds

10 explained above, the Court does not need to reach the merits of

11 the parties' arguments about the availability of declaratory

12 relief for the five underlying lawsuits that have settled.  <u>See</u>

13 Opp'n at 5-6; Reply at 1-2.  However, the Court briefly notes its

14 prior opinion, explaining that: "declaratory judgment is a

15 remedy, not a theory of recovery. . . declaratory relief operates

16 prospectively, enabling parties to avoid a breach, rather than to

17 address past wrongs."  <u>Wallace v. Nationstar Mortg. LLC</u>, No.

18 2:18-CV-02768-JAM-DB, 2019 WL 1382499 at *5 (E.D. Cal. Mar. 27,

19 2019) (citations and internal quotation marks omitted).  Other

20 Eastern District courts have likewise instructed: "declaratory

21 relief operates prospectively to declare future rights. . . if a

22 party has a fully matured cause of action for money, the party

23 must seek the remedy of damages, and not pursue a declaratory

24 relief claim. This is because declaratory relief is intended to

25 offer guidance in shaping future conduct so as to avoid breach of

26 a party's obligations."  <u>Public Service Mut. Ins. Co. v. Liberty</u>

27 <u>Surplus Ins. Corp.</u>, 51 F. Supp. 3d 937, 950 (E.D. Cal. 2014)

28 (citations and internal quotation marks omitted).

III.   ORDER

For all the reasons set forth above, the Court DENIES Plaintiff's Motion for Summary Judgment in its entirety.  If Plaintiff intends to seek relief on a theory of equitable indemnity, it must first obtain leave of the Court to amend its complaint.

IT IS SO ORDERED.

Dated: December 28, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE